IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jacoby D. Fennell, | Civil Action No.: 1:09-cv-02429-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Officer Charles Williams, Lexington County Jail Staff; Officer NFN Ricard, Lexington County Jail Staff; Sgt. Debra Hare, | |
| Defendants. | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R&R, the Magistrate Judge recommends that the Court grant summary judgment in favor of the Defendants. The Plaintiff filed timely objections, and this matter is ripe for review.

**Procedural History**

This case was initiated on September 16, 2009, when the Plaintiff filed a Complaint appearing to assert claims under 42 U.S.C. § 1983 for excessive force and failure to protect. On March 11, 2010, the Defendants filed a Motion for Summary Judgment [Docket # 50]. On September 13, 2010, because the Plaintiff had not filed a response to the Motion for Summary Judgment, the Defendants filed a Motion to Dismiss for Lack of Prosecution [Docket # 58]. On November 1, 2010, the Plaintiff filed a letter inquiring into the status of his case. In the letter, he claimed to have kept the Clerk's Office informed of his current address; however, the address

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

on the accompanying envelope reflected a new address. Despite the considerable delay, and out of an abundance of caution, on November 23, 2010, the Court directed the Clerk's Office to issue another *Roseboro* order to the Plaintiff. The Court specifically directed the Plaintiff "to provide all the facts and arguments as to why this case should not be dismissed and summary judgment should not be rendered in favor of Defendants." [Docket # 69]. The Plaintiff responded on December 28, 2010. On January 4, 2011, the Plaintiff filed a Motion to Amend/Correct Amended Complaint [Docket # 78]. On January 5, 2011, the Magistrate Judge issued the R&R recommending that the Court grant the Defendants' Motion for Summary Judgment and deny the Plaintiff's Motion to Amend. The Plaintiff filed timely objections on January 21, 2011.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

First, the Plaintiff objects to the Magistrate Judge's recommendation concerning his failure to protect claim against Officer Williams. In his objections, the Plaintiff states:

> To be more specific in my claim, I have submitted numerous documents that show and prove Defendant Williams was present involving a group attack on my person while on [his] watch on second floor housing area, on or about July 14th. This definitely makes Defendant aware of harm that exist! Furthermore, on July 20, 2009, six days later, I clearly verbally let Defendant Williams know of problems to my person and that I felt in danger to the extent to be [placed in] rec[reation] alone. So now you have Def[endant] prior aware of danger, then presently I notify him and Defendant still fails to take any reasonable measures to abate [the] situation. Furthermore, Defendant disregarded the risk and placed me directly into harms way consciously!

Pl.['s] Objections, p. 2.

"[A] prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Further, an inmate must suffer a serious physical or emotional injury to establish such a claim. *See id.* at 834 ("It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."); *see also Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993) ("In order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); *Shrader v. White,* 761 F.2d 975, 979 (4th Cir. 1985) (holding inmate must at least suffer "significant mental distress" and danger must be "totally without penological justification"). Finally, "[d]eliberate indifference is a very high standard- a showing of mere negligence will not

meet it." *Young v. City of Mount Ranier,* 238 F.3d 567, 575 (4th Cir. 2001) (citation omitted). The record reflects that the Plaintiff got in a fight with inmates Mincey and Hampton on the second floor on July 14, 2009. Compl., p. 14 (Incident No. 20047256 Narrative). On July 20, 2009, he told Officer Williams that he had problems with inmates on the first floor and that he needed to be put in recreation alone; the Plaintiff did not name any specific inmates that wanted to hurt him. Compl., p. 15 (Incident No. 20047256 Narrative). Officer Williams informed the Plaintiff that he could be put on protective custody status for his protection, but the Plaintiff refused the offer. *Id.*; *see* Officer Williams Aff. ¶¶ 8-9. Nonetheless, Officer Williams still placed the Plaintiff in the protective custody day room for recreation. Subsequently, inmate Eaglin was also placed in the protective custody day room for recreation, and a fight ensued between the two inmates. The record reflects that there were no "keep separates" on file for inmate Eaglin, inmate Eaglin was not one of the inmates involved in the altercation with the Plaintiff six days earlier on July 14, 2009, and the Plaintiff did not inform Officer Williams at any time that he had a problem with inmate Eaglin in particular. *Id.*; *see* Officer Williams Aff. ¶¶ 11-14. The Plaintiff's bare allegations are insufficient to show that Officer Williams knew that the Plaintiff faced a substantial risk of harm by being in the protective custody day room with inmate Eaglin and disregarded that risk. To the extent that Officer Williams was negligent in placing the two inmates in the same protective custody room, his actions do not constitute a violation of the Eighth Amendment. *Young,* 238 F.3d at 575; *see Whitley v. Albers,* 475 U.S. 312, 319 (1986). Moreover, there is no evidence in the record that the Plaintiff suffered any serious physical or emotional injuries. *See Shrader,* 761 F.2d at 979; *Strickler,* 989 F.2d at 1381. In fact, a review of his medical records reveals that the Plaintiff received only scratches to his neck, minor scratches to his chest and arms, and was given an ice pack for his wrist. Pl. Medical R. (Docket

4

# 50-6), p. 15; *see* Officer Williams Aff. ¶ 21.  As such, no genuine issue of material fact exists either as to whether the Plaintiff sustained a serious injury or whether Officer Williams was deliberately indifferent to a substantial risk of serious harm the Plaintiff faced at the hands of inmate Eaglin, and summary judgment must be granted in favor of the Defendants on this claim.

The Plaintiff also objects to the Magistrate Judge's conclusion that he has failed to establish a claim for excessive force.  Specifically, the Plaintiff states:

> Also the attempt to relocate Plaintiff was placing him back into a harmful, hazardous area!  My verbal resisting was plenty reason to leave situation be, however Defendant Ricard went beyond and physically forced me into relocating. . . . [W]hen I verbally refused, Defendant should have closed cell door and notified supervisor!  But no he takes matters into his own hands and the results produced physical harm. . . . The most serious fact is that the hand restraints were not properly applied after the forceful moving.  This action by the Defendant Ricard was wanton and sadistic[]- Defendant was fully aware of the unnecessary pain the hand restraints caused.

Pl.['s] Objections, pp. 4-5.

A plaintiff must meet a heavy burden to satisfy the subjective component of an excessive force claim.  Specifically, he must prove that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to maintain or restore discipline. *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986); *see Wilkins v. Gaddy,* 130 S. Ct. 1175 (U.S. 2010) (Excessive force claims are decided "based on the nature of the force rather than the extent of the injury.").  In *Whitley,* the Supreme Court directed that several factors should be balanced in determining whether prison officials acted maliciously and sadistically: (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on

the basis of facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. *Id.* at 321.

The Plaintiff's primary concern appears to be that Officer Ricard attempted to assist the Plaintiff to his new cell "against [his] will unnecessarily" without waiting for backup. Compl., p. 7 (Inmate Appeal Form 7-23-09). According to the Plaintiff, Officer Ricard should have let the Plaintiff have his way and the Plaintiff "should have been replaced on [the] 1st Floor and charged with refusing housing." *Id.* The Plaintiff also complains that Officer Ricard failed to "double lock" the hand restraints, which caused him physical pain. *Id.* at 8 (Inmate Appeal Form 8-12-09). The record reflects that Officer Ricard's actions were necessary, as the Plaintiff failed to follow direct orders and admits that he was actively resisting being relocated. Also, the amount of force used by Officer Ricard appears to be appropriate. The Plaintiff's admitted failure to follow Officer Ricard's direct orders repeatedly created a reasonable perception that Plaintiff posed a treat to the safety of the staff and institution. The Plaintiff was placed in handcuffs for the safety of all involved because he was actively resisting being relocated. In fact, the officers had to draw their x26 tasers on more than one occasion to get the Plaintiff to comply. Finally, after the incident, "Nurse Betty Blanchard checked the inmate and cleared him of any injuries, but she stated that she would bring some ice for [his] wrist[s] which were red but no skin had been broken." Compl., p. 4 (Incident No. 20047353 Narrative). After balancing the *Whitley* factors, and based on the record, the Plaintiff has failed to establish a claim for excessive force against Officer Ricard. Similarly, the Plaintiff's excessive force claim against Officer Hare, who

allegedly put both feet on the Plaintiff's torso to restrain him during a separate incident when he was resisting officers' attempts to restrain him on September 22, 2009, lacks merit.[2]

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment in favor of the Defendants is appropriate.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, the Defendants' Motion for Summary Judgment [Docket # 50] is **GRANTED**, the Plaintiff's Motion to Amend [Docket # 78] is **DENIED,** and the Defendants' Motion to Dismiss for Failure to Prosecute [Docket # 58] is **MOOT.**

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 25, 2011

---

[2] Officer Hare had to stun the Plaintiff with her taser to get the Plaintiff under control and render him compliant on this occasion. Notably, the Plaintiff neither disputes this fact nor claims that the use of the taser was excessive or unnecessary. *See* Pl.['s] Objections, p. 5. Instead, he claims that Officer Hare maliciously stood on his chest with both feet. This allegation is unsupported by the record; the record reflects that Officer Hare merely assisted in holding the Plaintiff down while he was restrained.